# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DEREK VALENTINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MERCED, et al.,<br><br>Defendants. | Case No.  1:23-cv-01697-JLT-SAB<br><br>ORDER REQUIRING DEFENDANTS TO EITHER FILE A NOTICE OF WITHDRAWAL OF MOTION TO DISMISS OR A NOTICE INFORMING COURT WHY MOTIONS ARE NOT MOOT<br><br>FIVE DAY DEADLINE |

On February 9, 2024, Defendant CFMG filed a motion to dismiss. (ECF No. 14.) On February 23, 2024, Plaintiffs filed an opposition to Defendant CFMG's motion to dismiss. (ECF No. 19.) On February 28, 2024, Defendants County of Merced, Merced County Sheriff's Office, and Vernon Warnke filed a motion to dismiss. (ECF No. 20.) The motions were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (ECF Nos. 17, 21.) On March 4, 2024, Defendant CMCG filed a reply to Plaintiff's opposition. (ECF No. 23.) On March 5, 2024, Plaintiff's filed an opposition to County Defendants' motion to dismiss. (ECF No. 24.) On March 15, 2024, the County Defendants filed a reply. (ECF No. 27.)

A hearing on the motions was held on April 3, 2024. (ECF No. 29.) The motion was argued, and the parties were ordered to file supplemental briefing. (Id.) On April 27, 2024, Defendant CFMG filed a supplemental brief. (ECF No. 30.) On May 1, 2024, Plaintiffs filed a response. (ECF No. 32.) Defendant CFMG filed a reply on May 8, 2024. (ECF No. 33.) The

motions have been fully briefed and are ready of decision.

On June 25, 2024, the parties filed a stipulation for the filing of a first amended complaint and a first amended complaint was filed. (ECF Nos. 34, 35.) The parties' stipulation did not address the motions to dismiss nor has a notice of withdrawal of the motions been filed.

The original complaint is no longer the operative complaint in this matter as it has been superseded by the filing of the amended complaint. See Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (an amended complaint supersedes the original complaint). "[A]fter amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent[.]" Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992), as amended (May 22, 1992). When a plaintiff files an amended complaint, the amended complaint becomes the operative complaint and renders any pending motions to dismiss moot. Anderson v. Bank of Am., N.A., No. 215CV00198EJLREB, 2016 WL 7494304, at *1 (D. Idaho Jan. 13, 2016); see also Prencipe v. Pishevar, No. CV 23-2570-GW-ASX, 2023 WL 5505870, at *2 (C.D. Cal. June 20, 2023) (denying motion to dismiss and motion to strike as moot after filing of amended complaint); A.R.D. v. Kerry, No. CV-14-00150-PHX-BSB, 2014 WL 12617410, at *1 (D. Ariz. Aug. 19, 2014) (denying motion to dismiss as moot after filing of amended complaint); but see Taylor v. Wolf, No. CV 20-39-M-DLC, 2020 WL 5893845, at *2 (D. Mont. Oct. 5, 2020) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476, 638 (3d ed. 2005)) (noting that if "some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading").

Here, the motions to dismiss were generally based on Plaintiffs' failure to plead sufficient facts to state a plausible claim and the amended complaint contains additional factual allegations. Further, the motions moved to dismiss the claims under the Americans with Disabilities Act and Rehabilitation Act which are not alleged in the amended complaint. Therefore, the Court it appears that Defendants motions to dismiss should be denied as moot.

///

///

///

Accordingly, Defendants shall file a notice to withdraw their motions to dismiss or a notice as to why these motions are not moot within **five (5) days** of the date of this order.

IT IS SO ORDERED.

Dated:   **June 28, 2024**

_____
UNITED STATES MAGISTRATE JUDGE